IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAMUEL ADAM CAMPBELL, JR.,   *

    Plaintiff,   *

v.   *   Civ. No. DLB-24-3277

AVI BERNSTEIN d/b/a BDMG, INC., *et al.*,

    Defendants.   *

## ORDER

On November 12, 2024, Samuel Adam Campbell, Jr. "a man dba Samuel Adam Campbell Jr," filed a complaint and a motion to proceed in forma pauperis, ECF 2, which is granted. Campbell alleges the defendants, Avi Bernstein d/b/a BDMG, Inc. and Forest Hill Apartments, LLC, leased him an apartment and then "traded [the lease] on a secondary market," ignored his rental payments, and obtained a judgment against him for possession of the premises in state court. ECF 1 (compl.), 6 (am. compl.), 9 (supp.), 11 (supp). Instead of challenging the judgment in state court, Campbell filed suit in state court and claims violations of federal law. The complaint is dismissed without prejudice for failure to state a claim.

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

Neither of the federal statutes Campbell claims the defendants violated, 15 U.S.C. § 689n and 18 U.S.C. § 3301, gives rise to a private cause of action. Section 3301 defines securities fraud offenses for purposes of criminal prosecution. It does not provide for a private cause of action. Therefore, Campbell cannot state a claim under § 3301. Section 689n identifies conduct that

amounts to unlawful acts or breaches of fiduciary duty when the actor is a New Markets Venture Capital company, as defined in 15 U.S.C. § 689(4), or a person authorizing, ordering, or participating in an act by a New Markets Venture Capital company. Campbell does not allege that either defendant is a New Markets Venture Capital company. Moreover, § 689*l* provides for enforcement by the administrator of the New Markets Venture Capital program, and § 689m, "Parties authorized to file causes of action," provides only for the administrator or the Attorney General to file suit in Court on behalf of the United States for violations of the statute. Therefore, Campbell cannot bring a claim against the defendants pursuant to §§ 689*l*, 689m, or 689n.

Because the complaint fails to provide any information that might lead to a reasonable conclusion that Campbell has some plausible cause of action, it is dismissed pursuant to § 1915(e)(2). A separate order follows.

Accordingly, it is this 16th day of December, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The case is DISMISSED without prejudice;
2. The Clerk shall CLOSE this case; and
3. The Clerk shall SEND a copy of this Order to Campbell.

_____
Deborah L. Boardman
United States District Judge